THE CITY OF BROOKLYN *vs.* CLEVES.

Ordinances passed by the common council of a city, in pursuance of its charter, regulating the killing and bleeding of meats, and imposing a penalty for the infringement of such ordinances, can not be considered void as being in restraint of trade.

The charter of the city of Brooklyn (Session Laws of 1834, ch. 92, §§ 26 and 27) fully authorizes the passing of such ordinances.

It is well settled that several penalties may be recovered in one suit.

CERTIORARI to the Municipal Court of the city of Brooklyn. The plaintiffs below (the city) declared in debt for penalty of $50, for a violation of an ordinance of the common council, entitled "a law to regulate public markets"—Sec. 4, tit. 4. Also for penalty of $50 for an other violation of the

same ordinance. Also in debt for penalty of $25 for violation of section 5 of same ordinance. The words of these two sections are cited in the opinion of the court.

The defendant pleaded the general issue. On an adjourned day the cause was tried before a jury, when it appeared that the defendant kept a meat-shop in Nassau street in the city of Brooklyn, situate in the 5th ward of the city where he sold meat by the piece, and did so for some two months. That he was in the habit of killing small meats, such as sheep, lambs and calves at his meat-shop—that he killed in the rear of his shop. The defendant was not a resident of the city. He lived in Orange county, and boarded in Nassau street. The plaintiffs rested.

The defendant offered to prove that he kept his shop neat and clean so that it was not offensive to the neighborhood, which was objected to, and excluded.

The defendant, also, offered to prove, that he had applied for a license to sell meat at his shop pursuant to an ordinance passed 23d April, 1844; this was objected to and excluded.

The several ordinances refered to were given in evidence and are annexed to the return.

Jury found for plaintiffs $75, for which judgment was given with $10.52, costs.

*By the Court,* NELSON, Ch. J. Section 4 of the ordinance of tit. IV is as follows.—"No person shall exercise or carry on the trade or business of a butcher or any branch or part thereof, within the first six wards, nor in so much of the 7th ward as lies westerly of Clinton avenue, in the city of Brooklyn, without being licensed for that purpose by or under the authority of the common council, under the penalty of $50 for such offence."

Section 5, same title, provides that "No person other than a licensed butcher shall cut up in any of the public markets in the city of Brooklyn, or within the limits aforesaid, or in any street or other place in the said city, any beef, pork, veal, mutton, lamb, or sell or expose the same to sale by the joint or in pieces, under the penalty of $25 for each offence.

The testimony in the case clearly established a violation

of both the sections of the ordinance of title No. IV above recited.

It is supposed by the counsel for the defendant that there is something inconsistent, or contradictory between these two sections and sections 1 and 2 of ordinance tit. No. 7. That however is a misapprehension. These sections provide for licensing butchers or other persons to sell fresh meats at places in the city, other than the public markets, upon certain times and conditions there prescribed; one of which conditions is that the person so specially licensed shall be a citizen of the United States and of the age of 21 years; another, an actual resident in the ward in which he is permitted to set up the private market.

It is also suggested that these conditions are in restraint of trade, and void. But it will be seen, on refering to the charter of the city, that full power is given over the subject to the common council.

Section 26 (Sess. Laws of 1834, pp. 98, 99) of the charter provides, that the common council shall have power to make, establish, &c., ordinances, rules, &c., for the following purposes, among others; by sub. 4, to regulate butchers, and the places and manner of selling meats, and to prohibit unlicensed persons from exercising the occupation of, or acting as butchers.

This affords ample power to the legislative authority of the city to pass the ordinances refered to : and section 27 (p. 100) confers power to enforce observance of the same, by imposing such penalties as the common council may think proper, to be recovered in the corporate name of the city with costs in an action of debt in any court having cognizance thereof.

It is well settled that several penalties may be included in the declaration, and recovered in one suit at common law, and there is no statute restriction pretended in this case. (3 Hill., 529, and cases.)

Judgment affirmed.